UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOUDEN, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JUAN MANUEL LOPEZ, and NORMA LOPEZ,<br><br>    Defendants. | Case No: C 13-0061 SBA<br><br>**ORDER REMANDING ACTION**<br><br>Docket 6 |

    On March 14, 2012, Plaintiff Louden, LLC filed the instant unlawful detainer action against Ignacio J. Pajarillo and Does 1-10 in the Superior Court of California, County of Solano. Compl., Dkt. 1. The complaint seeks possession of certain real property located at 124 Valley Oak Lane, Vallejo, California 94591. See id. Plaintiff obtained ownership of said property through a non-judicial foreclosure. See id. ¶ 5. The occupants of the property, Defendants Juan Manuel Lopez and Norma Lopez (collectively, "Defendants"), proceeding pro se, filed a notice of removal alleging that this Court has subject matter jurisdiction over the instant action based on federal question jurisdiction. Notice of Removal at 2, Dkt. 1. On January 14, 2013, Plaintiff filed a motion to remand. Dkt. 6. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

///

## I. DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the removing party which seeks to invoke the Court's jurisdiction shows that plaintiff has alleged: (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, the notice of removal alleges that Defendants have been "discriminated" against by Plaintiff in violation of federal law. See Notice of Removal at 2. Although not

entirely clear, Defendants appear to allege that Plaintiff violated federal law by failing to provide them with a 90-day notice to quit as required by "S. 896 SEC. 702 EFFECT OF FLORECLOSURE ON PREEXISING TENANCY." See id. However, this is not a proper basis for removal based on federal question jurisdiction. Federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board, 463 U.S. at 27-28. Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Id. at 10 (emphasis in original). In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Plaintiff's complaint is for unlawful detainer and does not assert any federal claims. Thus, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED.

2. Defendants' requests to proceed in forma pauperis (Dkt. 2, 3) are DENIED as moot.

3. The hearing currently scheduled for April 2, 2012 is VACATED.

4. The instant action is REMANDED to the Superior Court of California, County of Solano.

5. The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 1/30/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LOUDEN LLC,

       Plaintiff,

 v.

JUAN MANUEL LOPEZ et al,

       Defendant.
_____/

Case Number: CV13-00061 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Juan Manuel Lopez
124 Valley Oak Lane
Vallejo, CA 94591

Norma Lopez
124 Valley Oak Lane
Vallejo, CA 94591

San Francisco, Ca 94104

Dated: January 31, 2013

                              Richard W. Wieking, Clerk

                                  By: Lisa Clark, Deputy Clerk